## H. G. RHODES ET AL. v. FRED MARET ET AL.

### No. 1952.  Decided June 16, 1909.

**School Building—Charitable Trust.**

A building was erected in 1866 upon land·the title to which had been conveyed to the officers of the Acton Masonic Lodge and their successors.  The money therefor was raised upon a written subscription, in part from members of the lodge, but the majority from others of the neighborhood, the writing providing that the upper story should be for the use of the lodge, and that the lower should be for the use of the community.  The writing, put in the hands of the lodge, was subsequently lost.  A joint committee from the lodge and the community, and subsequently a committee from the lodge, managed the building, school being held in the lower 'and lodge meetings in the upper story.  Thereafter the community organized as a free school district, and the like use by the public free schools was continued until 1905.  In a suit by the officers of the lodge against the trustees and teachers of the public school to recover possession of the building, held:

(1).  That such officers, as successors of those to whom the title was conveyed, were the proper parties to bring such action.

(2).  That from the use of the building by the public free schools, without evidence showing that their right was contested, it would be presumed to be by consent of the community, and they could not be dispossessed if the Acton community could not.

(3).  That the object of the trust was not so indefinite as to invalidate it.

(4).  That, in view of the loss of the written instrument and the occupancy for school purposes for more than thirty years, the Lodge or its superior officers should be treated as if they had executed an instrument to stand seized for maintaining the lower story of the building as a school house, and whatever was required to make the trust complete should be presumed to have been done.

(5).  A judgment establishing the right of the school authorities to possession of the lower story of the building is affirmed. (Pp. 519–521.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Hood County.

Rhodes and others, officers of the Acton Masonic Lodge, sued the trustees and teachers of Acton School District No. 27 for the possession of a building.  Judgment for defendants was affirmed on appeal by plaintiffs, who then obtained writ of error.

*Estes & Douglas,* for appellants.

*W. L. Dean* and *John J. Hiner,* for appellees.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.
Appellants Rhodes, Goodlet and Wood, the three principal officers of Acton Masonic Lodge No. 285, in behalf of and for the benefit of said lodge, instituted this suit to recover possession of five acres of land out of the John McCoy survey in Hood County, together with the improvements thereon.  It was alleged and proved that the five acres in controversy was originally conveyed to the Worshipful Master, the Senior Warden and the Junior Warden of the Lodge and to their successors in office for the benefit of the lodge.  The suit was brought against J. R. Randle, V. M. Mayfield and C. F. Brister, who are trustees of Acton School District No. 27, and Mary Stephenson and Audie Duckworth, who

are teachers in the school district. The district is one of the public free school districts of the State and is operated under the free school laws of the State. There is a two-story stone building on the five acres of land which was in possession of appellants. On the 13th day of November, 1905, the appellees broke into the house and have since retained the possession and use of the lower story for the purposes of a free school.

The following are the facts out of which the controversy arose. In 1866 Acton Lodge was the owner of the five acres of land upon which the house is now situated; and being desirous of procuring a building thereon proposed to the citizens of the Acton community that if they would aid them in building a two-story house, the lower story should be used for school and church purposes and the upper should be used for the purposes of the lodge. A subscription list was made up signed in part by persons who were masons and in part by those who were not masons in which these terms were expressed, and turned over to the lodge by whom it was kept until it was lost. The house was built from the proceeds of the subscription more than half of which was contributed by persons who were not members of the lodge. The house was used in accordance with the original arrangement for quite a number of years, when the lodge becoming dissatisfied therewith locked up the lower story, when the lock was broken by the defendants and that story was used for a schoolhouse by them.

There has been a question in our minds as to the parties to the suit. But the land having been conveyed to the principal officers of the lodge and to their successors in office, and the present plaintiffs being such principal officers, we think the suit was well brought by them. We have also had some difficulty in determining the exact attitude of the defendants in the suit. They are not maintaining a school for the benefit of the Acton community, but as a part of the free school system of the State. But we think that it is to be inferred that when the Acton Free School District No. 27 was formed, they used the lower story of the building in question as a schoolhouse with the knowledge and acquiescence of the persons who constituted the school community of Acton, and that in the absence of some showing that that right was contested, it should be presumed that that action was taken with their knowledge and consent; and that if the Acton community could not be deprived of the use of the room for a schoolhouse, the free school district should not.

This brings us to the question of the validity of the trust. That the object of the trust is not too indefinite we think is settled by the case of Pierce v. Weaver, 65 Texas, 44. And we think that the Acton Lodge or its superior officers should be treated as if they had executed an instrument to stand seized for the purpose of maintaining the lower story of the building as a schoolhouse. We think the element of time should be considered in deciding the question. The arrangement was made and the house constructed in 1866. The lower story was occupied as a schoolhouse for more than thirty years, and the subscription list which was made up and deposited in the lodge archives was lost. If anything more was required to be done

to make the trust complete, we think that after this long lapse of time it should be presumed to have been done.

We do not hold that the present defendants have any right in the lower story of the building except such as is recognized by the acquiescence of the school community of Acton; but we are of opinion that the judgment of the District Court and of the Court of Civil Appeals should be affirmed and it is accordingly so ordered.

*Affirmed.*